## Lynch v. Lynch.

*Divorce—Desertion—Constructive desertion—Threats.*

In a suit for divorce on the ground of desertion it appeared that the libellant left the respondent. The testimony by which the libellant undertook to establish a constructive desertion on the part of the respondent was to the effect that she had ordered him to leave and threatened to shoot him if he did not do so. It appeared that the respondent kept firearms in her room, but the threat was not alleged to have been made there, nor was it testified that she had arms with her at the time. The respondent denied having made such a threat: *Held*, that the evidence was not sufficient to establish a constructive desertion by the respondent, for the reason that, even if the threat were made, there was nothing to form the basis of a reasonable and well grounded fear upon a mind of ordinary firmness that it would be carried into execution.

Libel in divorce. C. P. Fulton Co., Jan. T., 1918.

*John P. Sipes*, for libellant; no appearance for respondent.

McPHERSON, P. J., March 29, 1923.—The libellant and respondent in the above case were married in the fall of 1903 and started their married life in a house belonging to the respondent. They lived together for several months until Jan. 1, 1904. At that time the wife, incensed that respondent was not doing enough work, as she alleged, ordered him off. He stayed away until Jan. 4th, when he returned with a friend to make peace. This apparently was made and he returned to her house. The next day, however, the respondent told the libellant to go home, stay there and never come back. The libellant complied with this demand, but returned on Jan. 7th and tried to make up with his wife, who was standing in the yard on the property at that time. After an interchange of greetings, the respondent said: "I thought I told you to go away and stay away; if you don't go away I will shoot you and get somebody to take you away." The libellant replied nothing to this, but turned around and walked away.

It was testified that the respondent kept a gun and a revolver in the house, and had a revolver on the stand at her bed all the time. The libellant testifies that he feared she would shoot him as she threatened, and that he was afraid to go back, but would have gone back to live with respondent had she invited him to return. The witness called by the libellant testified that in a conversation had with the respondent in September, 1918, the respondent admitted that she did order her husband off, denied that she ever threatened to shoot him, and acknowledged that she did keep guns in the room where he said they were.

The ground alleged in the libel is wilful and malicious desertion, under the act of assembly, and it is urged that there was a constructive desertion on the part of the respondent because of her treatment of the libellant, which gave him a good, legal ground for the divorce, namely: "Cruel and barbarous treatment which rendered his condition intolerable and life burdensome." It is alleged that the threat on the part of the respondent to shoot the libellant was legal cruelty and a sufficient basis for this application for divorce.

A threat to kill or to inflict grievous bodily injury would be legal cruelty, provided the threat was uttered in such a temper and spirit as might create upon a mind of ordinary firmness a reasonable and apparently well-grounded fear of its being carried into execution, or was such a threat as would strike a consistent mind with fear of some hidden purpose of deadly revenge: Breinig v. Breinig, 26 Pa. 167.

In this case, however, under the evidence, the threat to shoot was denied by the respondent, and even had it not been, there seems to be nothing in the

3 D. & C.

description of the occurrence of Jan. 7th and of the alleged threat which could be the basis of a reasonable and apparently well-grounded fear of it being carried into execution upon a mind of ordinary firmness. It seems to have no ear-mark of an expression of a hidden purpose of deadly revenge. Under these circumstances, we feel there is nothing in the testimony which would warrant the finding that the libellant, by the conduct of the respondent, had a legal ground for divorce. Therefore, the respondent was not guilty of any constructive desertion of the libellant, and no decree of divorce can be granted. Divorce refused.